29638. LENEAR v. HOPPER.

GUNTER, Justice.

This is an appeal from judgment that remanded appellant to custody in a pro se habeas corpus case. On March 27, 1972, appellant was sentenced to five years in prison for possession of narcotics after pleading guilty in the Superior Court of Richmond County. Appellant

argues that his confinement pursuant to that sentence is illegal in that the state permanently waived jurisdiction over him by delivering him to the State of Tennessee on July 18, 1973.

After hearing evidence, the habeas corpus court found the following facts. On January 12, 1973, while serving the five year sentence, appellant served a "fast and speedy trial writ" on Tennessee authorities. On June 15, 1973, appellant was delivered to Shelby County, Tennessee, to stand trial on a Tennessee charge. On June 19, 1973, appellant was tried in Shelby County and sentenced to seven years. On July 4, 1973, Shelby County authorities delivered appellant to the Fulton County Sheriff's Department for his eventual return to the Georgia State Prison. On July 18, 1973, while appellant was still in Fulton County, he was returned to Tennessee for an unexplained reason. On July 24, 1973, appellant was again returned to Georgia and eventually delivered to the State Prison at Reidsville, where he was incarcerated at the time his petition was filed.

Appellant's sole argument is that his delivery to Tennessee on July 18, 1973, which was for "an unexplained reason" and without formal extradition, amounted to a permanent waiver by the State of Georgia of jurisdiction to incarcerate appellant pursuant to his sentence of March 27, 1972. A permanent waiver of custody and jurisdiction need not be inferred from a temporary release to another sovereignty. Montos v. Smith, 406 F2d 1243 (5th Cir. 1969); People v. Robinson, 98 NE2d 119 (Ill. 1951), cert. den. 342 U.S. 879 (1951). Appellant's argument does not present a valid ground on which to grant habeas corpus relief from a valid conviction and sentence. See Code Ann. § 50-127.

*Judgment affirmed. All the Justices concur.*

Submitted February 3, 1975 — Decided May 6, 1975.

William T. Lenear, *pro se.*
Arthur K. Bolton, *Attorney General, David L. G. King, Jr., Assistant Attorney General,* for appellee.